No. 33,461

RALPH C. COPPOCK, *Appellant,* v. THE J. C. NICHOLS INVESTMENT COMPANY, *Appellee.*

(69 P. 2d 701)

Opinion filed July 10, 1937.

*S. D. Scott,* of Olathe, and *John R. James,* of Kansas City, Mo., for the appellant.

*Frank D. Hedrick,* of Olathe, and *F. A. Guy,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for money had and received. Judgment was for defendant. Plaintiff appeals.

The case was tried on an agreed statement of facts. It appears that plaintiff owned certain real estate. He agreed with I. E. Herman to sell this real estate to him for $55,000. The contract provided that $1,000 should be paid at the signing of the contract, $9,000 on delivery of the deed, and that a mortgage be given for the balance. The contract contained the following provision:

"The sellers are to pay in full all state and county taxes, general and special, and all assessments, which are a lien on said property, that can be paid at the date of this contract. If the property herein sold is now subject to the lien of any special improvement taxes which cannot now be paid in full, the unpaid amounts thereof shall be ascertained and deducted from the purchase price herein provided.

"The rental from said property shall go to the sellers prorated to date of the deed and to the buyer thereafter."

When the abstract was examined it was found that the property was subject to lien of a special improvement tax to cover the construction of a U. S. highway and that the total principal amount of that tax was $785.24. This was due, with interest, in twenty payments, beginning with the year 1928. The abstract further disclosed that the annual installment due in the year 1928, of $106.01, had been paid; that on the original assessment of $785.24 there remained unpaid the principal sum of $679.23, which with interest would amount to $1,063.03.

At the final closing of the contract of the sale of this real estate negotiations were carried on over a period of several days during July, 1929. It was discovered that the highway tax above described could not be paid in one lump sum and would have to be paid in annual installments in which interest would be included as stated above. On this account the parties agreed that $800 was the amount that should be deducted from the purchase price of the real estate in conformance with the provision in the contract above set out. At the time of the signing of the contract the defendant paid a trustee the $1,000 and, later, the $9,000, as provided in the contract, and this trustee subsequently repaid to defendant, who at that time had acquired the rights of Herman in the contract, the sum of $887.50. Eight hundred dollars of that amount had been agreed upon as necessary for the payment of these special taxes, and $87.50 was due

to defendant as rental on the property while the negotiations were going on. The installment of these taxes for 1928, in the amount of $106.01, has been refunded to plaintiff and is not in this case. Installments of these taxes for 1929, 1930 and 1931 were paid by the defendant. All of these payments have been refunded and paid to the defendant by the Kansas State Highway Commission and have been retained by defendant, and no assessments have been made for any year subsequent to 1931.

By the provisions of G. S. 1935, 68-417, which was passed at the session of the legislature for 1933, provision was made for the cancellation of all unpaid installments to highway benefit districts and for the refund of installments that had been paid. The refunds and cancellations that have been described heretofore were made pursuant to that section. After plaintiff learned about the passage of the above section and that these taxes had been canceled and the refunds made, he made a demand upon the defendant for the return of the $800 that he had paid, and when the demand was refused, filed this action.

The theory of the plaintiff is that defendant gave no consideration for the $800, and as a matter of fact it is the money of the plaintiff which is in the hands of defendant. This type of action is known as an action for money had and received. While it is an action at law it is governed by equitable principles. The trial court considered the agreed statement of facts about as they have been detailed here and gave judgment for defendant. The plaintiff asks us to reverse that judgment.

The rule as to an action for money had and received is laid down in 41 C. J. 33 as follows:

"The question, in an action for money had and received, is to which party does the money, in equity, justice, and law, belong. All plaintiff need show is that defendant holds money which, in equity and good conscience, belongs to him, but if he fails to show such superior right, that is that defendant does hold money which so belongs to plaintiff, he cannot recover."

Following that rule, it does not appear to this court that the money which was deducted from the sale price of the land at the time the contract was entered into belongs in either equity, justice or law to plaintiff. The fact is that the question of these special improvement taxes was a subject of negotiation when the real estate in question was being sold to defendant. No doubt many considerations similar to this entered into the calculation of these two parties be-

fore the contract was finally consummated. The fact remains, however, that the written contract provided that the unpaid amounts of such assessments should be ascertained and deducted from the purchase price of the land. That means, as far as we are able to interpret the language of this contract, that plaintiff agreed to lower the price of his land by so much as these taxes would amount to in order to consummate the sale.

Throughout the brief of plaintiff it is argued that there was no consideration for this $800, and the rule that an action for money had and received will lie to recover money that has been paid by plaintiff to defendant where the consideration has wholly failed, is cited. Such is not the case here. The payment of this money out of the purchase price was part of the consideration for the sale of this land. We cannot separate the two transactions.

It would appear that at the time the written contract was entered into it was not possible to ascertain the exact amount of the taxes nor were the parties sure they could not all be paid at once, hence that item was left to be ascertained. It is a part, however, of the original transaction.

The judgment of the trial court is affirmed.